Morton A. KIER, Plaintiff-Appellant,

v.

COMMERCIAL UNION INSURANCE COMPANIES, Defendant-Appellee.

No. 86–1319.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 19, 1986.

Decided Jan. 6, 1987.

As Corrected Feb. 2, 1987.

Rehearing Denied Feb. 2, 1987.

Leonard M. Ring, William J. Jovan, Leonard M. Ring & Assoc., Chicago, Ill., for plaintiff-appellant.

Keith C. Hult, Matkov, Griffin, Parson, Salzman & Madoff, Chicago, Ill., Dana S. Connell, for defendant-appellee.

Before BAUER, Chief Judge, WOOD, Circuit Judge, and CAMPBELL, Senior District Judge.*

BAUER, Chief Judge.

The jury returned a verdict for plaintiff in his age discrimination suit, and awarded $77,227.00 against his employer. Plaintiff claimed that his employer violated the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). The district court found the jury verdict unsupportable and entered judgment for the defendant notwithstanding the verdict.

---

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

Plaintiff, Morton Kier, appeals. We find that a reasonable jury could not conclude that the defendant had violated ADEA and we therefore affirm the order of the district court.

## I.

The decision of a district court judge to enter judgment notwithstanding the verdict must be reviewed *de novo. Kunzelman v. Thompson,* 799 F.2d 1172, 1179 (7th Cir. 1986). We must view all evidence and any reasonable inferences that may be drawn therefrom, in a light most favorable to the party winning the verdict. *La Montagne v. American Convenience Products, Inc.,* 750 F.2d 1405, 1410 (7th Cir.1984); *Syvock v. Milwaukee Boiler Mfg. Co., Inc.,* 665 F.2d 149, 153 (7th Cir.1981). Accordingly, the facts which follow are presented in a light most favorable to Kier. Ultimately, we must determine whether there was substantial evidence to support the jury verdict. *La Montagne,* 750 F.2d at 1410.

Morton Kier was hired by the Chicago Office of Commercial Union Insurance Companies ("Commercial") as a staff attorney in 1973; at that time, Kier was 45 years old. The office employed four staff attorneys and one managing attorney. In May of 1981, the managing attorney for the Chicago office left and Commercial began its search for a replacement. On the suggestion of the departing managing attorney, Kier was asked to run the office until a replacement could be found. J. Kenneth Griffin, an assistant vice president, handled the search for a new managing attorney and invited all current staff attorneys, including Kier, to apply. Kier and two other staff attorneys in the Chicago office applied for the position of permanent managing attorney. Only Kier was called in for a second interview.

At trial, Kier presented the testimony of John Milano, an executive of another insurance company, who said he was contacted by an unidentified employment recruiter. The recruiter was searching on behalf of a major Chicago insurance company for a managing attorney who was "40, 45, 50 at most." (Tr. 205). The recruiter never divulged the name of the company, but various circumstantial evidence supported a finding that the recruiter called on behalf of Commercial.

While still apparently under consideration, Kier heard the unfortunate and false rumor that the managing attorney position had been filled. Just prior to hearing the rumor, Kier had received a memo from Joseph Ravich, sent to all managing attorneys, regarding the preparation of a training manual for new attorneys. Acting on the rumor and feeling slighted, Kier testified that he chose the training manual project as a "convenient vehicle" (Tr. 63, 98, 99) to express his disappointment in being passed over for the managing attorney position. He told Ravich that he would not work on the manual, and sent a copy of the letter to J. Kenneth Griffin, who was in charge of hiring a new managing attorney. Approximately one week after sending the letter, Griffin called Kier and told him he was fired. According to Kier, Griffin said, "You believe in rumors, and I can't have a man working for me who believes in rumors or who takes action on the strength of rumors. You are insubordinate, and you are fired." (Tr. 64–65). Kier, in fact, was not fired until two or three months later, after Griffin had secured the agreement of his superiors to fire Kier. Kier testified that he knew that termination might result from his refusal to cooperate in the preparation of the training manual (Tr. 127, 142). In the meantime, Kier had apologized and asked to be retained as a staff attorney. Sometime in November, Griffin told Kier that he would not be fired and that if the new managing attorney requested it, Kier could stay on.

## II.

■ Although ADEA prohibits employers from discriminating against employees based on age, in this case Commercial was more than Kier's employer. Kier was Commercial's attorney and Commercial was Kier's client; nothing in this opinion should be read to limit the clear right of a

client to discharge his or her attorney for any reason, or for no reason. This principle reflects an understanding that the relationship between attorney and client is based on trust and cannot function unless the client has complete confidence in his or her attorney. However, although defendant submitted a jury instruction on this issue, it did not press any objection to the district court's failure to instruct on the issue. Nor did Commercial submit any memoranda of law in support of its assertion, presented for the first time below as a jury instruction, that an in-house attorney should be treated the same as a non-employee attorney for the purpose of discharge. More importantly, the defendant did not present this issue on appeal. Accordingly, we deem the argument waived. *See, United States v. Markowski,* 772 F.2d 358, 362–63 (7th Cir.1985); *Goldblatt Bros., Inc. v. Home Indem. Co.,* 773 F.2d 121, 126 (7th Cir.1985).

■ A plaintiff may show age discrimination either through direct or circumstantial evidence of discharge based on age. *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985); *Dale v. Chicago Tribune Co.,* 797 F.2d 458 (7th Cir.1986). The analytic framework appropriate for cases arising under ADEA is set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dep't. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See Tice v. Lampert Yards, Inc.,* 761 F.2d 1210, 1212 (7th Cir. 1985). Under *McDonnell* and *Burdine,* a plaintiff must first establish a *prima facie* case of discrimination. To establish a *prima facie* case under ADEA, an employee must show (1) that he belongs to the protected class, (2) that his job performance was sufficient to meet his employer's legitimate expectations, (3) that he was discharged in spite of his performance, and (4) that the employer sought a replacement for him. *Dale,* 797 F.2d at 462. The burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for discharge. Once such a reason

is advanced, the employee must prove by a preponderance of the evidence that the reason is a mere pretext for discrimination. *Burdine,* 450 U.S. at 252–53, 101 S.Ct. at 1093–94. Although *McDonnell* provides for shifting burdens of production, it is important to note that the ultimate burden of persuasion remains with the plaintiff at all times. *Dale,* 797 F.2d at 462.

■ There is a general dispute here as to whether Kier ever made a sufficient showing to support a *prima facie* case of age discrimination. Commercial argues that he did not and that the burden of production to articulate a legitimate reason for firing never shifted to the defendant. The source of these opposing contentions is whether Kier's failure to work on the training manual is properly an element of the *prima facie* case or merely the articulated reason for discharge. The district court denied a motion for summary judgment based on Kier's failure to present a *prima facie* case of discrimination. We need not resolve this issue. After a trial on the merits, "disputes about the *prima facie* case fall away." *Morgan v. South Bend Community School Corp.,* 797 F.2d 471, 480 (7th Cir.1986); *See also United States Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). We need resolve only the ultimate question of whether there was sufficient evidence for a jury to conclude that age was a determinative factor in Kier's discharge.

### III.

Before addressing the sufficiency of the evidence presented to the jury, we will review Kier's two remaining contentions of error. First, Kier contends it was error for the district court to refuse to allow him to amend his complaint on the eve of trial to allege failure to promote. Second, Kier argues that the district court erred in refusing to admit statistical evidence to show that the average age of Commercial's attorneys dropped dramatically in two years time. We disagree with both contentions.

Kier filed his complaint alleging a violation of ADEA on October 5, 1982. Discovery was completed in the fall of 1983 and defendant's motion for summary judgment was filed on September 9, 1983. The final pre-trial order was entered on October 17, 1983. Kier filed his motion to amend his complaint on January 22, 1985 pursuant to Fed.R.Civ.P. 15(b) which provides for amendment of the pleadings to conform them to the evidence. The trial began on January 24, 1985. A motion to amend a complaint is addressed to the sound discretion of the district court and will not be reversed absent an abuse of that discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). While the Federal Rules of Civil Procedure envision a liberal policy toward amending pleadings (see *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)), Rule 15(b) provides that leave to amend shall be given freely only when amendment will aid in the presentation of the case and when the objecting party has failed to show prejudice resulting from the amendment.

■ The district court denied leave to amend, finding that rather than conforming the pleading to the evidence, the proposed amendment would add an entirely new issue to the case on the eve of trial. The district court found therefore that amendment would prejudice the defense and refused to allow it. Based on an examination of the relevant discovery materials, we agree with the district court that failure to promote was neither an issue previously contemplated by the parties nor properly addressed by the already completed discovery. Accordingly, we find the district court did not abuse its discretion in denying leave to amend pursuant to Fed.R.Civ.P. 15(b).

Kier offered to show that the average age of attorneys in Commercial's Chicago office had dropped from 50 to 30 between 1981 and 1983. The district court granted Commercial's motion *in limine* to bar presentation of the statistics. In deciding whether to admit evidence the district court

is to balance the probative worth of the proffered evidence against its potential for undue prejudice. Fed.R.Evid. 403. A district court judge has broad discretion in determining the admissibility of evidence and may be reversed only upon a finding of abuse of discretion. *See, e.g., United States v. Buishas*, 791 F.2d 1310, 1313 (7th Cir.1986).

■ Kier argues that statistics are an accepted method of proving age discrimination and that the district court erred in refusing to admit the statistics. Kier misconstrues the district court's reasoning. The district court did not refuse to admit the statistics because statistics are not generally probative of discrimination; instead the district court found that these particular statistics were not relevant to Kier's particular charge of discrimination. Kier alleged that Commercial fired him because of his age. The proffered statistics showed that new attorneys hired were substantially younger than those previously employed. Kier was not alleging discriminatory hiring. Moreover, we are dubious of statistical evidence of hiring which fails to account for the applicant pool. At best, Kier's statistics show that older employees were replaced by younger employees. As we have previously noted, this "phenomenon" represents the normal course of employment histories, and is nothing to marvel at. When older employees leave the work force, for whatever reasons, they will often be replaced by younger employees. This does not give rise to an inference that an employee was *fired* because of his age. *See Simmons v. McGuffey Nursing Home, Inc.*, 619 F.2d 369 (5th Cir.1980).

■ There may be limited probative value in the statistics to support Kier's theory that Commercial was involved in an overarching plot to fire all its older attorneys and hire young attorneys. However, as the district court noted, there is absolutely no evidence that any other attorneys were fired or forced to leave because of his or her age. In fact, of the three remaining staff attorneys who eventually left, one was less than 40 years of age and another

left after Kier himself had called for his discharge on several occasions. It was therefore not an abuse of discretion to refuse to admit the proffered statistical evidence.

## IV.

■ Finally, we reach the thrust of Kier's appeal: whether the evidence presented to the jury furnished a rational basis for a verdict for the plaintiff. For a reasonable jury to infer that Commercial violated ADEA, Kier had to show that Commercial's proffered reasons for discharge were a pretext. A plaintiff may demonstrate pretext either directly, by showing that "a discriminatory reason more likely motivated the employer or indirectly, by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095. Commercial claimed that it fired Kier for insubordination, based on Kier's refusal to prepare a portion of the training manual. As direct proof that insubordination was a pretext, Kier presented the testimony of John Milano, who said that he was contacted by an employment recruiter hired by Commercial to find a new permanent managing attorney. Milano said the employment recruiter told him that she was instructed to find someone "between 40, 45, 50 at the most."

■ This evidence is relevant only to Commercial's search for a new permanent managing attorney. As previously discussed, Kier's complaint was based on wrongful discharge as a staff attorney. Commercial's decision to seek a younger permanent managing attorney, even if true—and even if discriminatory—is not relevant to Kier's case. We note too, that if the employment recruiter was truly expressing the desires of Commercial, Harlene Matyas, the 32 year old new permanent attorney, would have been similarly eliminated from Commercial's consideration. The jury may, however, have been entitled to draw a modest inference from Milano's testimony that Commercial was looking for younger attorneys in general. This inference alone, especially in the absence of any showing that others were fired or forced to leave, is insufficient to support a jury verdict against Commercial.

■ In the absence of a sufficient basis for finding a discriminatory motive, Kier could support the jury verdict by showing that Commercial's articulated reason for firing him was not worthy of credence. *See Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095; *La Montagne*, 750 F.2d at 1409 (7th Cir.1984). Kier may meet this burden by showing (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, *or* (3) that they were insufficient to motivate discharge. *La Montagne*, 750 F.2d at 1414–15. Kier does not contend that the training manual was not, at the time, a *bona fide* work project. For the jury verdict to stand, Kier would have to have shown that discharging an attorney for failure to work on a *bona fide* work project was not worthy of credence. While credibility is a jury determination, we agree with the district court that to infer an age discriminatory discharge here is "just too great a leap into speculation."

Kier argues that his letter to Ravich was entirely justifiable given how hard he had worked before hearing the rumor that Commercial had hired someone else. But Kier misses the point of violations under ADEA. Even if we were to accept the proposition that Kier's letter was justified and that Commercial had treated Kier unfairly—that would not amount to a violation of ADEA. An employer can fire an employee for any reason, fair or unfair, so long as the decision to terminate is not based on age or some other protected category.[1]

We have found that none of the evidence is sufficient in itself to support the jury

---

1. Although not pressed on appeal, Kier offered to show that Commercial sought to "clean house." In the absence of any evidence that such an intent was directed toward age we find that this intention alone is insufficient to sustain the jury verdict.

verdict. We find also, that all of the evidence taken as a whole is insufficient. Accordingly, the order of the district court granting judgment N.O.V. to the defendant is

AFFIRMED.