Terry J. HOMYAK, Plaintiff,

v.

PEPSICO, INC., Defendant.

No. 91–M–1910.

United States District Court,
D. Colorado.

May 18, 1992.

Ronald E. Gregson and Hugh S. Pixler, Denver, Colo., for plaintiff.

L. Louise Romero–Atwood and Brent T. Slosky, Brownstein Hyatt Farber & Madden, P.C., Denver, Colo., for defendant.

Kathryn M. Kemp and Mark N. Woyar, Ross & Hardies, Chicago, Ill.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court on May 13, 1992 for hearing on Plaintiff's motion to compel. Present were the following counsel: Hugh Pixler and Ronald Gregson, attorneys for Plaintiff, and Brent Slosky and Louise Romero–Atwood, attorneys for Defendant. Argument was presented on the motion, and the matter was then taken under advisement.

Plaintiff has filed this complaint pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 (Act). Plaintiff alleges that he was terminated from his employment due to his age and that he is within the protected group set forth by the Act.

During the course of discovery, Plaintiff submitted written interrogatories to Defendant. Objections were noted on several of the interrogatories by Defendant, but all of those have been worked out between counsel except as to Plaintiff's Interrogatory # 8. Defendant continues to object to answering this interrogatory, arguing that the information sought is irrelevant.

Interrogatory # 8 seeks information on employees hired by Defendant since August, 1988. Specifically, the interrogatory reads as follows:

8. Please list by name, date of birth and position held those persons hired by you since August, 1988 in Denver.

Defendant has objected to this interrogatory, arguing that it is vague, overbroad, unduly burdensome and irrelevant.

Defendant has based its argument of relevance on the theory that this case is one dealing with termination, not hiring. Therefore, information as to who was hired will never be relevant to this case. Defendant has cited a number of cases to support this position. *Kier v. Commercial Union Insurance Companies*, 808 F.2d 1254 (7th Cir.1987); *Simpson v. Midland–Ross Corp.*, 823 F.2d 937 (6th Cir.1987); *Laugesen v. Anaconda Corp.*, 510 F.2d 307 (6th Cir.1975); *Buscemi v. Pepsico, Inc.*, 736 F.Supp. 1267 (S.D.N.Y.1990). On the other hand, Plaintiff has argued that he is seeking discovery information, not admissibility at trial, and that statistical information may be relevant in the context of this case.

At the present time, this case is in its discovery phase. Each side is preparing for trial, though there is, at least, one

major issue before this Court concerning a release that is alleged to have been signed by Plaintiff when he left Defendant's employ. The question simply is one of whether the information requested may be sought during the course of discovery.

The opinion of Judge Carter in *Buscemi v. Pepsico, supra*, is particularly appropriate, as Defendant relied upon this case at oral argument on the motion. In commenting upon the use of statistical data in a termination case under the Act, Judge Carter stated, in part:

> Significantly, if plaintiff offered statistical proof which compared the ages of those hired before and after the alleged adoption of the "fast track" policy, such evidence might be relevant to the case at hand. Such a comparison, if it tended to show an increase in the hiring of "youngsters," would be probative of plaintiff's thesis, at least when combined with plaintiff's termination data. Plaintiff's proffered hiring evidence does not approach this level of sophistication and must be excluded as irrelevant.

*Id.* at p. 1270. In certain instances, hiring data might be relevant. That is the point made by Plaintiff. If termination data shows a disparate treatment of those protected by the Act, while new hires all fall into the category of younger people, then that *may* be relevant for consideration at trial.

Discrimination cases may often have to be proven on the basis of statistical evidence. *See, Mistretta v. Sandia Corp.*, 639 F.2d 588 (10th Cir.1980). The ultimate decision of whether such evidence is admissible must be determined at trial or on a motion in limine. Statistical information may or may not be relevant in a given case, depending upon the surrounding facts and circumstances. *Kachel v. City of Pueblo*, 743 F.Supp. 749, 756 (D.Colo.1990).

In order for this Court to determine if hiring data has any relevance to this case, that information will have to be presented in conjunction with the surrounding facts and circumstances. Obviously, Plaintiff cannot provide that information if he does not know what it is. Counsel's statements that Plaintiff's former position has not been filled will not suffice for proper dis-covery, as is contemplated by the Federal Rules of Civil Procedure. It is not impossible that hiring data may have some correlation to termination information, perhaps showing a pattern of conduct by Defendant. It is as equally possible that the information provided by Defendant will reveal nothing. That determination may only be made after review of the information.

The Court does note that Plaintiff has requested the names of new hires since August, 1988. Such information is irrelevant at this time, as Plaintiff's counsel indicated that the discovery information being sought was to examine patterns of conduct by Defendant. If the names of the new hires become relevant at some point, then the information may be requested through the Court. Further, the Court was advised that approximately eighty-seven new employees have been hired, and this number is not so large as to render the production of the data requested burdensome or oppressive.

IT IS HEREBY ORDERED that Plaintiff's motion to compel as to Interrogatory # 8 is granted, in part, and Defendant shall answer the interrogatory, except as to names of new hires, within twenty days of receipt of this order; and

IT IS FURTHER ORDERED that each side shall pay its own fees and costs as to this motion at this time.