**J. William HAYDEN, Plaintiff,**

v.

**LA–Z–BOY CHAIR CO., Defendant.**

**Civil No. F 91–177.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Oct. 28, 1992.

---

4. For detailed discussion of the Act and its subsequent amendments, see *Complaint of Dillahey*, 733 F.Supp. 874 (D.N.J.1990).

Michael T. Blee, Burt, Blee, Dixon & Sutton, Fort Wayne, IN, for J. William Hayden, plaintiff.

Larry J. Saylor, Richard J. Seryak, Miller, Canfield, Paddock and Stone, Detroit, MI, Richard P. Steele, Barnes and Thornburg, Fort Wayne, IN, for La–Z–Boy Chair Co., defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on defendant's motion for summary judgment. The parties have fully briefed the issues and oral

argument was heard on October 7, 1992. For the following reasons defendant's motion will be granted.

### Summary Judgment

 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago,* 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 2512, 106 S.Ct. at 2512; *In re Matter of Wildman,* 859 F.2d 553, 557 (7th Cir.1988); *Klein v. Ryan,* 847 F.2d 368, 374 (7th Cir.1988); *Valentine v. Joliet Township High School District No. 204,* 802 F.2d 981, 986 (7th Cir.1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.,* 957 F.2d 317, 322 (7th Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

 Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of a genuine issue of material fact, *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Goka v. Bobbitt,* 862 F.2d 646, 649 (7th Cir.1988); *Guenin v. Sendra Corp.,* 700 F.Supp. 973, 974 (N.D.Ind.1988); *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson,* 477 U.S. at 249–251, 106 S.Ct. at 2511.

 Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Id.* 477 U.S. at 248, 106 S.Ct. at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356; *First National Bank of Cicero v. Lewco Securities Corp.,* 860 F.2d 1407, 1411 (7th Cir.1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–252, 106 S.Ct. at 2512.

### Discussion

Plaintiff J. William Hayden ("Hayden"), a sixty-one year old male, has asserted a claim of age discrimination under the Age Discrim-

ination in Employment Act ("ADEA") against defendant La–Z–Boy Chair Co. ("La–Z–Boy"), a manufacturer and distributor of home furnishings and furniture. The ADEA, 29 U.S.C. § 623(a)(1), provides that:

> It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

Hayden had been an independent sales representative for La–Z–Boy from 1968 until December of 1990, when his latest one-year contract was not renewed. Hayden has also asserted state law claims for tortious interference with business relations, tortious interference with prospective economic advantage, and intentional infliction of emotional distress.

With respect to the ADEA claim, defendant argues that plaintiff is an independent contractor, and not an employee, and thus he is not covered by the ADEA. Plaintiff admits that he is not alleging that he is an employee of La–Z–Boy. Nevertheless, plaintiff insists that he is one of those persons that the ADEA is intended to benefit.

A review of the caselaw reveals that the courts have uniformly required that a person seeking to recover under the ADEA be an employee of the organization he is seeking to recover from. For example, in *EEOC v. Zippo Manufacturing Co.,* 713 F.2d 32, 33 (3d Cir.1983), the court simply stated that "[t]he ADEA only covers employees." The Court further noted that:

> [T]he legislative history of [the ADEA], 1967 U.S. Code Cong. & Ad.News 2214–27, evinces the clear legislative intent to prohibit "age discrimination by employers against employees and applicants for employment." *Levine v. Fairleigh Dickinson University,* 646 F.2d 825, 828 (3d Cir. 1981). Therefore, if appellants were not Zippo employees, ADEA is not applicable to their cause and their allegation that Zippo violated ADEA in terminating them

because they reached the age of 65 must be rejected.

*Id.* at 35.

Similarly, the Fourth Circuit has held that "[a] plain reading of the ADEA indicates that an 'individual' only has a cause of action under this provision if he is an 'employee' at the time of his termination." *Garrett v. Phillips Mills, Inc.,* 721 F.2d 979, 980 (4th Cir. 1983). The Fifth Circuit, in *Hickey v. Arkla Industries, Inc.,* 699 F.2d 748, 753 (5th Cir. 1983), stated:

> [Hickey] argues that even if he is not an employee of Arkla's within the meaning of the cases, he still has a cause of action. According to him, because the ADEA covers all individuals having an economic relationship with a business entity, employee status is irrelevant. This argument is primarily based upon principles of statutory construction advanced by him, and in our considered opinion, his contentions are found to be greatly wanting, if not specious.
>
> There is no legislative history to support Hickey's contention that employee status is not required for coverage under the ADEA. Moreover, his argument defies a plain reading of the statute. Whether it would be desirable to include independent contractors within ADEA coverage is clearly a matter for Congress, and emphatically not for the courts, to decide.

Plaintiff does not dispute that, thus far, the ADEA has been held to be applicable only to persons who are "employees". Rather, plaintiff suggests that this court should adopt a liberal interpretation of the ADEA and rely on Title VII precedent in interpreting the scope of the ADEA. Specifically, plaintiff claims that under Title VII, a person may bring a cause of action even though he is not a "traditional employee" as long as "some employment relationship" exists. In this case, the plaintiff was an employee of his own corporation, J. William Hayden, Inc. At plaintiff's request, La–Z–Boy paid Hayden's commissions to the corporation; the corporation then paid Hayden an annual salary. Plaintiff asserts that since La–Z–Boy's actions affected his employment relationship

with his corporation, he may properly sue La–Z–Boy under the ADEA.

The Supreme Court has observed that the ADEA is a hybrid of both the Fair Labor Standards Act and Title VII. *Lorillard v. Pons,* 434 U.S. 575, 576–80, 98 S.Ct. 866, 868–69, 55 L.Ed.2d 40 (1978). The appellate courts have looked to the standards enunciated in Title VII cases when deciding whether a plaintiff meets employee status under the ADEA or is merely an independent contractor. See e.g., *Zippo, supra* at 38. Although the Seventh Circuit Court of Appeals has held that the language of Title VII is broad [1] and provides protection to persons who are not employees of an employer, the Seventh Circuit has not yet decided whether the ADEA should likewise be given a broad reading.

In 1973, the Court of Appeals for the District of Columbia Circuit handed down *Sibley Memorial Hospital v. Wilson,* 488 F.2d 1338 (D.C.Cir.1973). *Sibley* held that the plaintiff had a Title VII claim, despite the absence of an employment relationship between the plaintiff and the defendant hospital. The Court noted that in enacting Title VII, Congress had intended to achieve equality of employment opportunities, and that

> [c]ontrol over access to the job market may reside, depending upon the circumstances of the case, in a labor organization, an employment agency, or an employer as defined in Title VII; and it would appear that Congress has determined to prohibit each of these from exerting any power it may have to foreclose, on invidious grounds, access by any individual to employment opportunities otherwise available to him. To permit a covered employer to exploit circumstances peculiarly affording it the capability of discriminatorily interfering with an individual's employment opportunities with another employer, while it could not do so with respect to employment in its own service, would be to condone the continued use of the very criteria

for employment that Congress has prohibited.

*Sibley,* 488 F.2d at 1341.

The Court further noted that:

> The Act defines "employee" as "an individual employed by an employer," but nowhere are there words of limitation that restrict references in the Act to "any individual" as comprehending only an employee of an employer. Nor is there any good reason to confine the meaning of "any individual" to include only former employees and applicants for employment, in addition to present employees. Those words should, therefore, be given their ordinary meaning so long as that meaning does not conflict with the manifest policy of the Act.

*Id.*

In *Doe on Behalf of Doe v. St. Joseph's Hospital,* 788 F.2d 411 (7th Cir.1986), the Seventh Circuit adopted the reasoning and holding of *Sibley* and held that the plaintiff's Title VII claim should not have been dismissed at the pleading stage, but rather the plaintiff should have been allowed to make a showing that defendant had discriminatorily interfered with her employment opportunities in such a way as would fit within the *Sibley* analysis. The Court also held that "[a] defendant does not have to foreclose all employment opportunities in order to unlawfully interfere with these opportunities." *Doe* at 424.

The only employment relationship present in the case at bar is Hayden's relationship with his corporation, of which he is the sole shareholder. Hayden claims that his employment opportunities with his corporation have been foreclosed by La–Z–Boy's act of not renewing Hayden's contract. Clearly, however, the only opportunity that has been foreclosed is Hayden's opportunity to sell La–Z–Boy's products as an independent contractor. Hayden may remain employed by his corporation by, for instance, selling the products of a distributor other

---

1. Section 703(a)(1) of Title VII is nearly identical to Section 4(a)(1) of the ADEA and provides that:
 > It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

than La–Z–Boy. An argument similar to Hayden's was advanced in *Mitchell v. Frank R. Howard Memorial Hospital,* 853 F.2d 762, 767 (9th Cir.1988):

> Finally, Dr. Mitchell argues that the Hospital interfered with his employment relationship with the professional corporation of which he is the sole shareholder. We reject this argument because we believe that the relationship between an individual and his wholly owned professional corporation is not an employment relationship that Congress intended to protect under Title VII. *Gomez v. Alexian Bros. Hosp. of San Jose,* 698 F.2d 1019 (9th Cir.1983), upon which Dr. Mitchell relies, is clearly distinguishable, *Gomez* involved a corporation that employed a number of doctors who rendered medical services as part of the corporation's group medical practice. *Id.* at 1020. In contrast, Dr. Mitchell is both the sole shareholder and sole employee of his professional corporation.

This court agrees with the reasoning in *Mitchell* and holds that an ADEA plaintiff, like a Title VII plaintiff, cannot establish the existence of a protected employment relationship merely by being an employee of his own corporation of which he is the sole shareholder and sole employee [2].

█ Even if Hayden is a protected employee, his age discrimination claim still fails because Hayden's proffered evidence of age discrimination fails to create a genuine issue of material fact. Hayden's burden is as follows:

> A plaintiff alleging a violation under the ADEA has the ultimate burden of establishing "that his employer took some adverse employment action ... against him on the basis of his age" and that this action would not have been taken but for his age. *Steffen v. Meridian Life Ins. Co.,* 859 F.2d 534, 545 (7th Cir.1988).
>
> A plaintiff may prove age discrimination by either of two methods. She may try to meet her burden head on by presenting direct or circumstantial evidence

that age was the determining factor in her discharge.... Or, as is more common, she may utilize the indirect, burden-shifting method of proof for Title VII cases originally set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and later adapted to the age discrimination claims under the ADEA.

*Weihaupt v. American Medical Association,* 874 F.2d 419, 424 (7th Cir.1989), quoting *Oxman v. WLS–TV,* 846 F.2d 448, 452 (7th Cir.1988).

█ Under the burden-shifting method, under which Hayden has elected to proceed, Hayden has the burden of establishing first, as a *prima facie* case, that:

1. He was a member of a protected class (age 50 or older);

2. He was doing his job well enough to meet his employer's legitimate expectations;

3. In spite of his performance, he was discharged; and

4. The employer sought a replacement for him.

*Weihaupt,* 874 F.2d at 427; *Oxman,* 846 F.2d at 452–52; *La Montagne v. American Convenience Products, Inc.,* 750 F.2d 1405, 1409 (7th Cir.1984). Where the plaintiff establishes a *prima facie* case, "a rebuttable presumption arises and the burden shifts to the [defendant] to articulate a legitimate non-discriminatory reason for the discharge." *Dale v. Chicago Tribune Co.,* 797 F.2d 458, 463 (7th Cir.1986).

The issue in the present case is whether Hayden was doing his job well enough to meet his employer's legitimate expectations. La–Z–Boy has presented evidence showing that Hayden had been having problems meeting job expectations for several years prior to his termination. La–Z–Boy has received serious complaints from Hayden's customers and Hayden's level of sales have not met La–Z–Boy's expectations. Hayden, while admitting that the defendant's evidence

---

**2.** It is worth noting that Hayden's corporation is not governed by the ADEA because it does not have the requisite number of employees.

is true and accurate, still claims that his poor performance was only a pre-text for La–Z–Boy's act of terminating him.

In response to La–Z–Boy's evidentiary showing, Hayden has calculated that between mid–1987 and 1990, La–Z–Boy's total sales of all products in the West Virginia territory of Frank Stultz, Hayden's successor, grew 6.7%, while the total sales of all La–Z–Boy products in Hayden's Northern Indiana territory grew 7.4%. Hayden claims that this objective evidence proves that he must have been satisfying La–Z–Boy's "legitimate expectations," and thus he has made out a *prima facie* case. Clearly, however, these percentages, standing alone, are not entitled to any weight. As the defendant has pointed out, Hayden has not shown that the West Virginia and Northern Indiana territories were in any way similar. Without such a showing, the court has no way of evaluating the significance of such a small difference in percentage of sales growth over a three and one-half year time period and Hayden has not established a *prima facie* case of age discrimination.

Even assuming that Hayden has established a *prima facie* case and that the burden has shifted to La–Z–Boy "to articulate a legitimate non-discriminatory reason" for declining to renew Hayden's contract, La–Z–Boy has carried its burden. La–Z–Boy has established that it decided to not renew Hayden's contract because of the relatively flat sales in Hayden's territory; Hayden's failure to sell the desired mix of sleepers, sofas, and recliner sofas; customer complaints indicating that Hayden rarely called on some of his customers; an investigation by La–Z–Boy's district sales manager, Dwight Dorwart, which confirmed that Hayden had a poor relationship with many of his customers and failed to conduct sales meetings; and Hayden's failure to submit a plan to correct these problems despite being placed on three separate six-month periods of probation.

The court finds that this evidence satisfies La–Z–Boy's burden of production and rebuts the presumption of discrimination raised by Hayden's *prima facie* case. Thus, the burden shifts back to Hayden to come forward with sufficient evidence to create a genuine issue of material fact on the question of whether La–Z–Boy's articulated reasons for not renewing his contract were mere pretext for discrimination. *Weihaupt, supra,* 874 F.2d at 428.

The employee may make this showing of pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *[Texas Department of Community Affairs v.] Burdine,* 450 U.S. [248] at 256 [101 S.Ct. 1089 at 1095, 67 L.Ed.2d 207 (1981) ]. We have stated that the employee may demonstrate that the employer's reasons are unworthy of credence through evidence "showing (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge or (3) that they were insufficient to motivate discharge." *Kier v. Commercial Union Ins. Companies,* 808 F.2d 1254, 1259 (7th Cir.1987).

*Mechnig v. Sears, Roebuck & Co.,* 864 F.2d 1359, 1364–65 (7th Cir.1988), quoted in *Weihaupt,* 874 F.2d at 428.

La–Z–Boy has presented uncontroverted deposition testimony showing that its reasons for terminating Hayden were not pretextual. Specifically, the evidence has shown that La–Z–Boy did not rely on a simple mathematical formula based on total units sold in evaluating the performance of its sales representatives; that between 1987 and 1990, West Virginia's economic statistics were horrible, yet Stultz, Hayden's replacement, was able to do a satisfactory job; and that Northern Indiana was a potentially strong market during 1987 through 1990, yet Hayden was the lowest performer in the region with respect to sales of sleepers, reclining sofas, and sofas. In light of this evidence, Hayden's comparison of his sales percentages to Stultz's sales percentages does not even suggest, let alone tend to establish, that La–Z–Boy's stated reliance on Hayden's performance was a pretext for age discrimination. Moreover, Hayden's argument that the court should permit this case to go to the jury because La–Z–Boy's reasons for terminating him are

"subjective" evidence, while the sales percentages are "objective" evidence, is without merit. In fact, the Seventh Circuit rejected this exact same argument in *Weihaupt:*

> Weihaupt argues that because the qualifications that the AMA determined he lacked were "subjective," the AMA could have easily masked its intent to discriminate against him based on his age.... The mere fact that their beliefs were based on subjective factors fails to establish that their assessment of Weihaupt's skills were made in bad faith.... "A subjective qualification assessment does not convert an otherwise legitimate reason into an illegitimate one."

874 F.2d at 429, quoting *Dorsch v. L.B. Foster Co.,* 782 F.2d 1421, 1427 (7th Cir.1986).

### Conclusion

For the foregoing reasons, defendant's motion for summary judgment on plaintiff's ADEA claim is hereby GRANTED. Further, pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over plaintiff's state law claims as plaintiff's federal claim is no longer pending before the court. Plaintiff's state law claims are hereby DISMISSED.