Butler, J.
Plaintiff Allan Afrow (Afrow) asserts claims for age and handicap discrimination, wrongful termination, breach of the implied covenant of good faith and fair dealing, and slander, arising out of the termination of his employment as in-house counsel to defendant Cumberland Farms, Inc. (CFI). Afrow now seeks to compel CFI to respond to interrogatories and document requests. Afrow’s motion for leave to file a memorandum in excess of twenty pages is ALLOWED. After a hearing and consideration of the submissions by the parties, it is ORDERED that, subject to a confidentialiiy order, Afrow’s motion to compel is ALLOWED as to Interrogatories 6, 7, 10, 11, 12, and 21, and Document Request Nos. 8, 19, 20, 21, and 23; but is DENIED as to Interrogatory 16 and Document Request No. 10.
DISCUSSION
I. Objections based on attorney-client privilege.
In response to interrogatories inquiring whether CFI alleged that Afrow’s job performance was unsatisfactory, CFI stated that Afrow’s “job performance was unsatisfactory because (1) some of his legal work was of poor quality; (2) he relied too heavily on outside counsel and did not properly monitor outside legal costs; and (3) he was too slow in delivery of work product.” CFI refused to further elaborate on the “details” of its dissatisfaction, claiming that these “details” are contained in Afrow’s work product, and thus protected by attorney client privilege. Afrow now seeks to compel CFI to answer Interrogatories 6 and 7, and to produce documents in response to Document Request Nos. 21 and 23, all of which relate to the “details” of CFI’s claimed dissatisfaction with Afrow’s performance.
CFI maintains on one hand that it had a legitimate, nondiscriminatory reason for terminating Afrow, see Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 441-42 (1995), that does not involve dissatisfaction with Afrow’s performance: a corporate restructuring. On the other hand, when given the opportunity at the hearing on this motion, CFI declined to stipulate that Afrow’s performance had been satisfactory. See id., at 441 (noting that plaintiff has the burden as a part of his prima facie case to show that he performed his job at an acceptable level). Therefore, the court must consider that Afrow’s job performance is at issue in this action.
Recently, in GTE Products Corp. v. Stewart, 421 Mass. 22 (1995), the Supreme Judicial Court discussed the circumstances under which in-house counsel may reveal client confidences and secrets in *582 pursuing a wrongful discharge claim. Following the reasoning of the Supreme Court of California in General Dynamics Corp. v. Rose, 7 Cal. 4th 1164 (1994), the Court concluded that in-house counsel may pursue a claim where there otherwise would be a right of action had the employee not been a lawyer. GTE Products Corp., at 29. Although made in the context of a claim for wrongful discharge arising from the performance of an action compelled by a clearly defined public policy, CFI concedes that the ruling applies to a claim under G.L.c. 151B, as well.[2]
The Court in GTE Products Corp. limited the circumstances under which in-house counsel may bring a wrongful discharge claim, however, to those in which “the claim can be proved without any violation of the attorney’s obligation to respect the client confidences and secrets,” citing S.J.C Rule 3.07, Canon 4, DR 4-101(A) and (B). Id. at 30, 32. The Court noted that certain rare instances exist when disclosure of confidences or secrets is permitted, including those “necessary to . .. defend himself. . . against an accusation of wrongful conduct.” Id. at 31 n.12, citing S.J.C Rule 3.07, DR 4-101(C)(4).[3]
CFI argues that federal case law weighs against Afrow’s ability to discover privileged documents, citing Rand v. CF Industries, Inc., 42 F.3d 1139, 1145 (7th Cir. 1994) (age discrimination suit); and Kier v. Commercial Union Ins. Cos., 808 F.2d 1254, 1256-57 (7th Cir.), cert. denied, 481 U.S. 1029 (1987) (age discrimination suit). The courts in these cases were critical of allowing in-house counsel to pursue a wrongful discharge claim because of the clear right of a client to discharge his attorney. However, the Supreme Judicial Court declined to follow this reasoning in GTE Products Corp., supra, 421 Mass. at 26-29.
Powers v. Chicago Transit Authority, 890 F.2d 1355, 1360-61 (7th Cir. 1989) (suit under §42 U.S.C 1983 by White attorney claiming so-called “reverse discrimination”), also cited by the defendants, does not offer support for CFI’s position. Powers is distinguishable in that the privileged document was not prepared by the plaintiff in-house counsel but by another in-house attorney, it was obtained for the plaintiff by an unidentified third party, and it was widely disseminated by the plaintiff over the defendant’s objections.
The court concludes that because job performance at an acceptable level is an essential element of Afrow’s claim, and because CFI refused to stipulate that Afrow’s job performance will not be contested in this action, disclosure of only those matters which CFI contends support its position that Afrow’s job performance was not satisfactory is necessary for Afrow to defend himself against the accusation of wrongful conduct. Stated another way, the privilege is overridden, in a limited fashion and in the interest of justice, by Afrow’s need for discovery to protect the clearly defined public policy expressed in c. 15IB.[4] CFI’s concern that it will be forced to produce “thousands of pages of documents relating to hundreds of matters on which Afrow worked” is unfounded. Afrow does not seek to discover all work product, but documents responsive to Afrow’s discoveiy requests concerning the “details” of CFI’s dissatisfaction with Afrow’s job performance. CFI is ordered to respond to Interrogatories 6 and 7, and Document Request Nos. 21 and 23, subject to the court’s confidentiality order.
II. Information concerning other complaints of discrimination
In Interrogatories 10, 11, and 12, and related Document Request Nos. 8, 19 and 20, Afrow seeks discovery on complaints of age or handicap discrimination by other employees or applicants for employment, from 1989 to present; and on other employees terminated by CFI, from 1988 to present.[5] CFI objects to the requests as overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. CFI seeks to limit production of information to decisions made by Lily Bentas, whom CFI contends was the decisionmaker in this case.
In this action, Afrow has asserted claims of discrimination against more than one member of CFI’s senior management. Further, the court is not convinced by CFI’s suggestion that Afrow seeks information to assemble statistical data, which CFI maintains is of limited value in a disparate treatment case. Instead, the requested information may lead to the discovery of direct or circumstantial evidence of CFI’s general practice and policies concerning employment of individuals in the protected categories, and the application by CFI of certain criteria to employees not within the protected categories. See Blare, supra, 419 Mass. at 445, 447 (discussing satisfaction of plaintiffs burden of persuasion on pretext through direct or circumstantial evidence); see also Brown v. Trustees of Boston Univ., 891 F.2d 337, 349 350 (1st Cir. 1989) (concluding that evidence of other discriminatoiy conduct by decisionmakers is probative on issue of motive or intent), cert. denied, 496 U.S. 937 (1990); Hooker v. Tufts Univ., 581 F.Supp. 98, 100 (D.Mass. 1983) (noting that discriminatory climate may have a bearing on defendants’ intent). Afrow’s motion will be allowed as to Interrogatories 10, 11 and 12; however, discovery will be limited in scope at this time to CFI’s home office in Canton. Afrow’s motion to compel production of documents in response to Document Request Nos. 8, 19 and 20, seeking documents related to the information sought in Interrogatories 10, 11 and 12, will be allowed, as well.
III. Requests for information on other employees’ medical claims.
In Interrogatory 16, Afrow seeks information concerning any current and former employee who, from 1989 to present, suffered a medical disability requiring inpatient hospital care and sought payment while participating in a CFI sponsored health care plan. CFI objects on grounds including that the information *583 sought is protected by the employees’ rights to privacy or confidentiality. The court concludes that any interest that Afrow may have in discovering this highly personal information does not outweigh the individuals’ privacy interests. See Bratt v. International Business Machines Corp., 392 Mass. 508, 518 (1984) (noting that c. 214, §1B “proscribe[s] the required disclosure of facts about an individual that are of a highly personal or intimate nature when there exists no legitimate, countervailing interest”). Further, this request is overbroad and burdensome, requiring CFI to determine not only which employees had received inpatient hospital care, but to then determine which of those employees were disabled as a result of their medical condition. For these reasons, Afrow’s motion to compel an answer to interrogatoiy 16, as drafted, will be denied.
IV.Requests for Information regarding persons with knowledge.
In Interrogatory 21, Afrow seeks information concerning each individual with knowledge of the allegations in the complaint or the defenses thereto. CFI maintains that the request is overly broad and unduly burdensome, not reasonably calculated to lead to the. discovery of admissible evidence, and objects on the ground that it exceeds the 30-item limit set by Rule 33.
Afrow propounded twenty-three interrogatories, many with itemized subparts. However, on review of the Interrogatories, it is apparent that the subparts detail the scope of information sought, rather than pose subsidiary, incidental or dependent interrogatories. CFI’s objection is overruled. Further, the information sought is relevant, reasonably calculated to lead to the discovery of admissible evidence, and CFI has not asserted any that privilege applies. CFI will be ordered to respond to Interrogatoiy 21 and provide information concerning persons likely to have discoverable information concerning the allegations of the complaint and defenses thereto.
V.CFI’s compliance with Mass.R.Civ.P. 33(c) and 34.
CFI has produced 516 bates numbered pages in response to other interrogatories and document requests, which, according to Afrow, were not organized in any apparent way. In fact, CFI did provide Afrow with a listing of the description of the documents produced with corresponding bates-stamp numbers. Mass.R.Civ.P. 33(c) and 34(b).
VI.Information concerning investigation of Afrow’s claim.
Afrow seeks in Document Request No. 10 all documents concerning CFI’s investigation into his discrimination complaint. CFI asserts that the documents are protected by attorney-client and/or work product privileges, and has provided Afrow with a log purporting to list privileged documents, although the log apparently does not pertain solely to this document request. As the request plainly seeks privileged documents, the motion to compel production as to Request No. 10 is denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that Afrow’s motion for leave to file a memorandum in excess of twenty pages is ALLOWED. It is further ORDERED that Allan Afrow’s motion to compel Cumberland Farms, Inc. (CFI) to respond to Interrogatory 16 and to produce documents in response to Request No. 10 is DENIED. It is further ORDERED that Afrow’s motion to compel responses to Interrogatories 6, 7, 10, 11, 12 and 21, and Requests for Production of Documents, Nos. 8, 19, 20, 21 and 23, is ALLOWED, subject to the following confidentiality order:
It Is hereby ORDERED that the following confidentiality provisions shall apply to all confidential information in the action, whether produced by the parties in response to interrogatories or requests for production of documents, or by deposition:
1. This confidentiality order shall govern the discovery, disclosure and use of all confidential information produced in this action.
2. Each party may designate information that it considers to be confidential information subject to this order. The party making such a designation shall indicate on the face of such document that it has been designated as confidential information, and shall further indicate the basis for the designation. Testimony within a deposition on the subject of confidential information shall be subject to this order if, at the time of the examination concerning such information by deposition, a party states clearly for the record that the information is confidential information and indicates the basis for the designation, or, within 30 days of receipt of the deposition transcript of such testimony, advises opposing counsel that certain testimony is to be treated as confidential information and indicates the basis for the designation.
3. Confidential information shall be used by the receiving party solely and exclusively in connection with this action and for no other purpose. Counsel shall not offer or adduce any portion of the confidential information at trial except on order of the court.
4. Except on order of this court upon motion, confidential information may be disclosed by the receiving party only to counsel and counsel’s assisting personnel, and to trial or retained experts who agree in advance, in writing, to comply with this order; further, at any deposition, confidential information may be used or disclosed only to a party, the person to whom the information or document relates, the person who created the document, or the person to whom the information or document *584 was directed, but no one other than the deponent, the parties and their counsel, and a court reporter may be present.
5. Any confidential information submitted to CONFIDENTIAL INFORMATION: This envelope is not to be opened except by the court."
6. In the event that a party disagrees with the designation by another party of any information as confidential information, the parties shall confer in a good faith effort to narrow areas of disagreement to the fullest extent possible, in advance of finding any motion with the court to review the validity of any asserted privilege.
7. Upon termination of this action, all persons subject to this order shall assemble and return to the producing party all confidential information, including copies, and shall destroy or return to the producing party any other documents that purport to reproduce or paraphrase such information.

This court assumes that a plaintiff suing for redress under M.G.L. c. 151B, §§4 and 4(16) by definition has alleged a termination in violation of public policy.

Significantly, the Court also noted that under Rule 1.6 of the Proposed Massachusetts Rules of Professional Conduct, a lawyer may reveal such information “to the extent the lawyer believes necessary to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client.” Id. at 31-32 n.12.

The court notes that in the first appellate decision in the GTE case, which affirmed denial of a request for an injunction requiring fired in-house counsel to return files he retained, the Supreme Judicial Court reaffirmed that the purposes for discovery rule are to “avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to review, simplify, and frame the issues involved, and to enable a party to obtain the information needed to prepare for trial.” GTE Products Corp. v. Stewart, 414 Mass. 721, 725 (1993). The Court also observed that the conduct and scope of discovery lies within the sound discretion of the judge. Id. (citation omitted).

In his reply, Afrow has agreed to narrow the scope of this last request, at least initially, to CFI employees in its Canton home office.