**Richard C. CHRISTIE,**
**Plaintiff-Appellee,**

v.

**FOREMOST INSURANCE COMPANY,**
**Defendant-Appellant.**

No. 85–1839.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 5, 1985.
Decided March 6, 1986.

See also 605 F.Supp. 653.

---

Richard W. Morgan, Barnes & Thornburg, South Bend, Ind., for defendant-appellant.

John C. Hamilton, Parker, Brunner & Hamilton, South Bend, Ind., for plaintiff-appellee.

Before WOOD and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.[*]

HARLINGTON WOOD, Jr., Circuit Judge.

A jury found that Foremost Insurance Company ("Foremost") engaged in illegal age discrimination when it fired the plaintiff, Richard Christie, and replaced him with a younger, less experienced employee. Foremost concedes that Christie established a prima facie case of age discrimination, but argues that Christie failed to present sufficient evidence that Foremost's proffered nondiscriminatory explanation was merely a pretext. Foremost appeals the district court's denial of Foremost's motion for judgment notwithstanding the verdict, or in the alternative for a new trial. We affirm.

## I. FACTS

Foremost Insurance Company specializes in selling insurance for mobile homes and recreational vehicles. In late 1975 or early 1976, Foremost hired Richard Christie, who was then forty-five years old, to be Foremost's district manager in the southeastern district of Michigan. Christie regularly received "excellent" ratings from his supervisors at Foremost and Foremost never questioned his competence.

On November 4, 1980, Christie's division manager Paul Forsthoefel telephoned Christie to set up a meeting for November 5. At that meeting, Forsthoefel informed Christie he was "terminated," and handed Christie a letter explaining that Foremost found it "necessary to implement a reduction in our field sales staff in Michigan." The letter, dated November 4, informed Christie he was terminated as of November 7, 1980. In Foremost's final status report on Christie, dated November 7, 1980, Christie was again rated "excellent." Christie, who was forty-nine when fired, was replaced by Danny Starnes, who was thirty-two years old and had begun working for Foremost in January, 1979.

## II. DISCUSSION

In *LaMontagne v. American Convenience Products, Inc.*, 750 F.2d 1405 (7th Cir.1984), Judge Eschbach carefully set out the law governing claims of age discrimination, *see* Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("ADEA"), based upon an employer's decision to terminate an employee. 750 F.2d at 1409–10. It is therefore unnecessary for us to review the law in great detail. Foremost concedes that Christie made out a prima facie case, which created a rebuttable presumption of age discrimination. *See id.* at 1409. Foremost contends, however, that it met its burden of production by articulating a lawful reason for Christie's discharge, and Christie failed to meet his burden of proving that Foremost's proffered reasons were merely a pretext. *See id.* Foremost claims, therefore, that the trial court erred by refusing to grant Foremost's motion for a judgment notwithstanding the verdict.

In reviewing a district court's decision whether to grant a judgment n.o.v., we examine whether there is substantial evidence to support the jury verdict. We de-

---

* Judge Pell was a member of the original panel and agreed with the result reached in this case, but did not participate after December 31, 1985.

termine whether the evidence presented, combined with all reasonable inferences that may be drawn from it, is sufficient to support the verdict when viewed in the light most favorable to the party winning the verdict. *Id.* at 1410.

Foremost offered a nondiscriminatory reason to legitimize its decision to fire Christie. Foremost said that Christie's termination occurred as part of a legitimate reduction in force. Foremost further claims it terminated Christie and replaced him with Starnes because Foremost's supervisors concluded that Starnes would perform better in an economic recession. Foremost contends that Christie failed to prove that the reduction in force was a pretext for firing Christie. Foremost claims that "Christie's age discrimination case rested on nothing more than his beliefs and feelings and other evidence which, as a matter of law, does not create an inference of age discrimination."

Foremost claims that, in order to prove pretext, a plaintiff like Christie must present evidence of either (1) age-related comments, (2) statistics of disparate effect on employees aged 40–70, (3) more favorable treatment of similarly situated employees under 40, or (4) the falseness of the employer's reasons for termination. Foremost contends that Christie presented no evidence of the first three, and failed to establish the fourth. Christie contends that he proved Foremost's proffered reasons were "unworthy of credence." *See id.* at 1409; *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981).

Foremost acknowledges that we apply a stringent standard in reviewing a jury's verdict. Employment discrimination cases in particular often involve "sensitive and difficult" issues of fact. *See U.S. Postal Service v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). Plaintiffs often have great difficulty in gathering information and can present only circumstantial evidence of discriminatory motives. *See Cuddy v. Carmen*, 694 F.2d

853, 859 (D.C.Cir.1982). The credibility of witnesses is often crucial. On review of a motion for judgment n.o.v., we draw all reasonable inferences and resolve all conflicts in the evidence in Christie's favor. *LaMontagne*, 750 F.2d at 1410. Using this standard, we find that Christie presented substantial evidence that Foremost's proffered explanations were merely a pretext for age discrimination.

First of all, Christie presented evidence of his consistent excellent ratings from his supervisors. He also presented evidence that the evaluations which allegedly showed Starnes was a superior employee were suspect. Unlike Christie's evaluations which were based primarily upon achieving objective goals, Starnes'. evaluation was wholly subjective. Furthermore, Christie presented evidence suggesting that Foremost ignored much relevant data. Finally, Christie showed that many of the items on which Starnes was evaluated were "soft"—such as completing most of the company's twenty-three instruction manuals and obtaining a necessary insurance license. Starnes' evaluation rested entirely upon Forsthoefel's personal opinion, and Forsthoefel's credibility was very much at issue in this case because he was the Foremost manager who initiated the decision to fire Christie.

Foremost argues that Christie's prior excellent ratings were insufficient as a matter of law to prove pretext, citing *LaMontagne*. In *LaMontagne*, the court merely said that the defendant "advanced specific reasons for [the plaintiff's] discharge, and [the plaintiff's] rebuttal evidence should be focused on them." 750 F.2d at 1414. In *LaMontagne*, the defendant claimed that it fired the plaintiff because of persistent communication problems. Unlike *LaMontagne*, in this case Foremost claimed that Starnes was a better person for the job. Therefore, Christie's evidence of excellent work was responsive to Foremost's proffered reason for the discharge.

Christie also presented evidence from which the jury could have found that Foremost did not comply with its own reduction

in force policy and thus was probably not making a legitimate reduction in force. One of the Foremost managers who decided to terminate Christie, Ronald Crippin, did not even know that Foremost had a policy governing reductions in force. A jury could infer from this fact that Foremost was not actually making a reduction in force, because if it was its managers would have known of or located the company policy and followed it. Christie also presented evidence from which the jury could have inferred that had Foremost actually followed its own reduction in force policy, Christie would not have been discharged.

Christie presented other evidence which, with the evidence discussed above, was substantial enough to persuade the jury that Foremost's proffered reasons either had "no basis in fact, or, if they [had] a basis in fact, ... were not really factors motivating the discharge." 750 F.2d at 1414–15. Christie's proof that Foremost's explanation was unworthy of credence is sufficient to affirm the district court's decision to deny Foremost's motion for judgment n.o.v. *Id.* at 1409.

One final argument by Foremost deserves special mention, however. Foremost alleges that rather than producing evidence of pretext, Christie merely invited the jury to second-guess Foremost's business judgment. Foremost is correct that a plaintiff cannot argue that the defendant made a bad business decision in choosing between two employees to discharge. For example, in this case Christie could not prevail by arguing that Foremost used poor judgment in replacing him with Starnes.

Christie's argument was different, however. He argued not that Foremost used the wrong criteria and bad judgment in terminating him as part of a reduction in force, but rather that Foremost never made a decision about who to terminate as part of a reduction in force. Christie argued that Foremost merely used the reduction-in-force rationale as a pretext to cover age discrimination. A plaintiff cannot argue

that the defendant showed bad judgment in deciding another employee had greater potential, but he can argue that the method used by the defendant showed that the defendant was not really trying to decide which employee had greater potential. Granted this is a fine line, but the law often places such a burden on the jury. Foremost does not contend that at any time during trial the court allowed Christie to invite the jury to second-guess Foremost's business judgment. Neither does Foremost allege that the jury instructions impermissibly invited the jury to second-guess Foremost's business judgment. Therefore, we conclude that Foremost's statement of the law is accurate, but inapplicable to this case.

### III. CONCLUSION

Richard Christie presented sufficient evidence to support the jury's finding that Foremost engaged in illegal age discrimination when it fired Christie. In particular, Christie presented sufficient evidence that Foremost's proffered explanation was unworthy of credence and thus merely a pretext for discrimination. The district court's denial of Foremost's motion for a judgment n.o.v. is thus

AFFIRMED.