908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert L. PHELPS, Plaintiff-Appellee,
v.
ST. CATHERINE HOSPITAL, Defendant-Appellant.
 No. 89-2849.
 United States Court of Appeals, Seventh Circuit.
 Argued May 15, 1990.
Decided July 25, 1990.
 
 1
 Before HARLINGTON WOOD, Jr., RIPPLE Circuit Judges, and BARBARA B. CRABB, District Judge*.
 
 ORDER
 
 2
 Plaintiff Robert Phelps brought this action against defendant St. Catherine Hospital, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634 ("ADEA"). A jury found in favor of the plaintiff, and the presiding magistrate denied the hospital's motion for JNOV. The hospital appeals. We affirm.
 
 
 3
 Phelps began his employment with St. Catherine Hospital in 1958 as an hourly worker in the boiler room. Eventually, he advanced to manager of the hospital's purchasing department. On October 2, 1985, St. Catherine Hospital ended Phelp's employment with a two-page memorandum detailing four grievances Phelp's supervisor, John Utesch, had with Phelp's work.
 
 
 4
 In this court, the hospital only challenges the sufficiency of the evidence that the jury used to find it guilty of willful age discrimination. We need not recapitulate here our previous holdings expounding the extremely limited role that appellate courts have in reviewing jury verdicts--a rule that especially holds true for employment discrimination cases where witness credibility is often crucial. See, e.g., Hybert v. Hearst Corp., 900 F.2d 1050, 1053-54 (7th Cir.1990); Jardien v. Winston Network, Inc., 888 F.2d 1151, 1154-55 (7th Cir.1989); Brown v. M & M/Mars, 883 F.2d 505, 511-12 (7th Cir.1989); Christie v. Foremost Ins. Co., 785 F.2d 584, 586 (7th Cir.1986). This case illustrates why appellate courts defer to the fact-finder's conclusions. The trial was nothing more than a swearing contest, a question of whether the jury should believe the plaintiff or the defendant. Obviously, the jury chose to believe the plaintiff, and the jury's choice is not grounds for reversal. See Hearst, 900 F.2d at 1054; Jardien, 888 F.2d at 1155.
 
 
 5
 To explain the reasons for the plaintiff's dismissal in a nondiscriminatory manner, the defendant pointed toward two memoranda written by Phelp's supervisor. These memoranda alleged deficiencies in Phelp's job performance. For the most part, Phelps attacked the allegations, explaining that they were simply not true or that they were innocuous, insufficient reasons for his dismissal. Either attack would be sufficient to demonstrate that St. Catherine Hospital's reasons for his dismissal were merely pretextual. See Jones v. Jones Bros. Constr. Corp., 879 F.2d 295, 299 (7th Cir.1989); Kier v. Commercial Union Ins., 808 F.2d 1254, 1259 (7th Cir.1987); La Montagne v. American Convenience Prods., 750 F.2d 1405, 1414-15 (7th Cir.1984).
 
 
 6
 Recognizing that we will not reweigh the evidence as the jury did, the hospital nevertheless quarrels with Phelp's explanations of the incidents leading to his dismissal. Because Phelps never expressly denied that some of these incidents occurred, the defendant argues it was entitled to judgment. This assertion misses the plaintiff's theory of the case. At trial, the plaintiff did not deny that there may have been a factual basis behind many of the allegations in his supervisor's memoranda. Postulating that his supervisor was looking for an excuse to get rid of him, Phelps instead explained that his supervisor blew these incidents out of proportion and blamed him for problems that were not his fault. Of course, the hospital painted a very different picture, but the jury saw the evidence as drawn by the plaintiff's brush. Although much of the plaintiff's case depended on his own testimony, that testimony was sufficient grounds on which a jury could base a verdict.
 
 
 7
 It is not enough, however, that Phelps provided sufficient evidence to show that the hospital's reasons for his dismissal were pretextual. Phelps must have ultimately shown that he was dismissed because of his age. See Hearst, 900 F.2d at 1054 (after trial on merits, issue is whether age was a determining factor in discharge decision); Jardien, 888 F.2d at 1154 (same). We believe that Phelps advanced sufficient evidence to support the jury's decision that age was a determining factor in his discharge.
 
 
 8
 First, Phelp's job evaluations reflected an overall perception by his previous and present supervisors that he was meeting their expectations, and in most years, the hospital had given Phelps a raise. Satisfactory job evaluations that suddenly change allow a jury to infer a discriminatory intent. See Hearst, 900 F.2d at 1054; Graefenhain v. Pabst Brewing Co., 827 F.2d 13, 21-22 (7th Cir.1987). Second, Phelps's supervisor testified that before the discharge, he consulted with the hospital's personnel director to ensure that they had the right documentation. From this startling admission, it could be concluded that the hospital was trying to build a paper trail against Phelps as a mask for discrimination. The conclusion that the paper trail was a sham is bolstered by the relatively short thirty-day time period between the initial documentation of Phelps's allegedly poor job performance and his dismissal. Third, the hospital replaced Phelps with a much younger worker. Fourth, Phelps presented evidence that the hospital was in financial trouble, looking for budget-cutting measures. On cross-examination, the hospital's personnel director admitted that the institution had considered offering early retirement incentives to older employees as a means of trimming the budget. Although these incentives were never implemented because of their expense, their mere consideration by hospital supervisory personnel provides evidence of the defendant's attitude toward older employees. In addition, there was other evidence in the record to support Phelp's claim that we do not detail here.
 
 
 9
 Not only did the jury find that St. Catherine Hospital violated the ADEA, but it also found that the violation was willful. Challenged by the hospital, the finding of willfulness entitles Phelps to recover liquidated damages. See 29 U.S.C. Sec. 626(b). At trial, Phelps's immediate supervisor testified that he was "possibly" aware of the ADEA when Phelps was dismissed. With this kind of an answer, the witness's demeanor would be crucial to his credibility--demeanor that the jury was able to observe but that cannot possibly be captured in a transcript for the appellate court. In addition, the defendant's own witnesses stated that the personnel director was consulted about Phelps's pending discharge, and she testified that she knew of the ADEA's prohibitions. In accepting Phelps's version of the facts, the jury would also have to believe Phelps's story of intentional discrimination, concealed by denials and a phony paper trail. Viewing this evidence as a whole, the jury was entitled to conclude that St. Catherine Hospital, acting through its agents, either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 108 S.Ct. 1677, 1681 (1988); see Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128-29 (1985).
 
 
 10
 This case is not fraught with inconsistencies and implausibilities that we can usurp the role of the finder of fact. See Anderson v. City of Bessemer, 470 U.S. 564, 575-76 (1985). Basically, this was a case of battling witnesses; that the jury chose to believe the appellee's witnesses is not grounds for reversal. There was sufficient evidence to support the jury verdict. The judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Barbara B. Crabb, Chief Judge for the Western District of Wisconsin, is sitting by designation