41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard SPRAGUE, Plaintiff-Appellant,
v.
NAVISTAR INTERNATIONAL TRANSPORTATION CORP., Defendant-Appellee.
 No. 94-1015.
United States Court of Appeals, Seventh Circuit.
 Argued Oct. 13, 1994.
Decided Nov. 7, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals from a summary judgment order in this age discrimination case. The employer, defendant Navistar, terminated 42-year-old Sprague's employment during a reduction in force (RIF).
 
 
 2
 Sprague worked for Navistar for 21 years; his last position was financial analyst. Sprague reported to Dean Nowak, who reported to Walter Rhodes, who reported to Robert Morrison. The evidence indicated that Navistar had been experiencing financial difficulties, and in late 1990 it instituted a cost-reduction plan which included the implementation of a company-wide RIF. Morrison asked each department head to review their budgets and decide which positions or functions could be eliminated. The company's Financial Management Development Program (FMDP) was not targeted because of its vital functions. Morrison told Rhodes that the plan included eliminating the Financial Standards Policy and Procedure group, but that some of the duties that group performed could be moved into the Corporate Financial Analysis section. Subsequently, Rhodes met with two managers, Nowak and Jim Gregorich. Gregorich ranked Tom Wilson (age 43) and Linda Dalaba (age 41), while Nowak reviewed Sprague (age 42) and Pearson (age 41). Nowak recommended Pearson because he was more ambitious and had superior analytical skills. It was then determined that Sprague's position would be eliminated. The management later made a list of workers who would become available due to their positions being eliminated. Sprage and Dalaba were included on the list. Later, Jim Stanaway was given permission to add four analysts to the Materials Management division. Stanaway hired Dalaba, but not Sprague.
 
 
 3
 In a summary judgment case, the court's review is de novo. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Monaco v. Fuddruckers, Inc., 1 F.3d 658, 660 (7th Cir.1993). We view the evidence in a light most favorable to the non-moving party, Anderson, 477 U.S. at 255, 106 S.Ct. at 2513, particularly in employment discrimination cases where intent is typically the central issue. Robinson v. PPG Industries, Inc., 23 F.3d 1159, 1162 (7th Cir.1994); McCoy v. WGN Continental Broadcasting Co., 957 F.2d 368, 370-71 (7th Cir.1992). The Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621 et seq., prohibits an employer from discriminating against an employee opposing an unlawful employment practice. Rennie v. Dalton, 3 F.3d 1100, 1106 (7th Cir.1993); Jennings v. Tinley Park Comm. Consolidated School District 146, 864 F.2d 1368, 1371-72 (7th Cir.1988). On appeal, Sprague relies on both the direct method set out in Price Waterhouse v. Hopkins, 490 U.S. 228, 258, 109 S.Ct. 1775, 1794-95, 104 L.Ed.2d 268 (1989), and the indirect burden-shifting method set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
 
 
 4
 To establish a prima facie case of retaliation under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Sprague must show that: (1) he was between 40 and 70 years old; (2) he performed his job satisfactorily; (3) he was discharged; and (4) that younger employees were treated more favorably. McCoy v. WGN Continental Broadcasting Co., 957 F.2d 368, 371 (7th Cir.1992); Oxman v. WLS-TV, 846 F.2d 448, 455 (7th Cir.1988). This court will not overturn the district court's findings concerning discrimination unless those findings are clearly erroneous. Anderson v. City of Bessemer, North Carolina, 470 U.S. 564, 573 (1985); Rennie v. Dalton, 3 F.3d at 1106. Here, the district court's findings are not implausible. See Artis v. Hitachi Zosen Clearing, Inc., 967 F.2d 1132, 1139 (7th Cir.1992).
 
 
 5
 Sprague narrows his argument to the question of whether or not he has shown that Navistar's proffered reason for his termination--the RIF--is pretextual because Navistar did not eliminate his position; instead, it hired a younger trainee to take Sprague's place. Sprague contends that he was replaced by trainee W.J. Murphy, age 33. First, the fact that the employer hired a younger replacement is "too insubstantial to support an inference of age discrimination." La Montagne v. American Convenience Products, Inc., 750 F.2d 1405, 1412-13 (7th Cir.1984). Second, the district court properly found that the evidence submitted failed to show that the department Murphy was transferred into was the same as the department where Sprague worked, or whether the job was the same one that Sprague had held. The district court properly concluded, after reviewing the extensive facts and finding that Sprague "traces a tortuous path, forced to depend upon building inference on inference," that "the evidence really cuts the other way."
 
 
 6
 Sprague argues that Navistar's proffered explanation for his termination--the elimination of his position in the RIF, is "clearly false." Sprague maintains that there was no true RIF. Instead, it was merely a ruse to get rid of older employees. The fact that Sprague was terminated as part of a reduction in force (RIF) does not automatically bar claims for age discrimination. Glover v. McDonnell Douglas Corp., 981 F.2d 388, 393 (8th Cir.1992); Christie v. Foremost Insurance Co., 785 F.2d 584, 587 (7th Cir.1986). See also Gustovich v. AT & T Communications, Inc., 972 F.2d 845, 848-49 (7th Cir.1992) (rejecting plaintiffs argument that poor evaluations leading to their termination in an RIF had been manufactured in an attempt to "do in the older workers").
 
 
 7
 The evidence presented in the summary judgment proceeding does not establish that Navistar's management wanted to eliminate older employees who were coming into an age bracket where there would be increasing use of health insurance and retirement benefits. Sprague relies most heavily on a few remarks made by Morrison during a deposition, indicating that Navistar had an aging work force. It is not clear that Morrison[1] was the decisionmaker in regard to Sprague's job elimination, but Sprague argues that the company's policy of eliminating older workers trickled down to the actual decisionmakers below Morrison.[2] Morrison's remarks were nothing more than general statements that apply to a large portion of the work force. See Smith v. Flax, 618 F.2d 1062 (4th Cir.1980) (discounting remarks from decisionmaker and others that the employer's future lay in its young employees). The statements made no reference to Sprague.
 
 
 8
 Sprague also points to the statistics that show the RIF was meant to eliminate workers aged 40 or older. For example, Sprague points out that 14 employees were fired from Morrison's department in Feb. 1991. Twelve of them were 40 years old or more. The prior year, Morrison hired 10 youthful employees. These statistics are insufficient to establish improper motive. Cf. Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239 (7th Cir.1992).
 
 
 9
 Sprague argues that footnote 14[3] of the district court's decision "misstates the proposition by including the impossible premise that a termination choice in an age-based RIF could be based solely on merit." As discussed above, Sprague failed to produce evidence showing that the RIF was age-based. In addition, Sprague attempts to argue a second theory of proof under Price Waterhouse, however, he did not present these arguments to the district court and we will not address them here, particularly in view of our finding that no evidence of improper motive (mixed or otherwise) is presented.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Morrison was only 52 years old himself, and there is no indication as to why he would be biased against workers over 40 years old
 
 
 [2]
 Rhodes stated that Morrison had the ultimate determination as to Sprague's job. Rhodes told a hearing officer at the Illinois DOHR that Morrison made the decision to terminate Sprague. However, even if Morrison did make the decision to terminate Sprague, these stray remarks would not change our holding for the reasons indicated
 
 
 [3]
 Footnote 14 reads: "It is noteworthy that all four of the people being evaluated ranged between the ages of 41 and 43 (in the earliest age range given ADEA protection). That being so, Sprague's position would necessarily imply that no matter on whom the termination axe fell, and no matter that the choice of whom to terminate was entirely based on merit, the fired employee must nonetheless recover under ADEA. Reductio ad absurdum."